# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) CIVIL ACTION NO. 5:20-cv-1092 ) |
| WELLPATH, LLC, | ) JURY TRIAL DEMAND ) |
| Defendant. | ) |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended, and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of religion (Apostolic Pentecostal Christian) and to provide appropriate relief to Malinda K. Babineaux, who was adversely affected by such practices. As alleged with greater particularity below, the U.S. Equal Employment Opportunity Commission alleges that Wellpath, LLC discriminated against Malinda K. Babineaux in violation of Title VII by failing or refusing to grant her a reasonable accommodation and failing to hire her because of her religion, Apostolic Pentecostal Christian.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII"), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Western District of Texas, San Antonio

Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant, Wellpath, LLC ("the "Employer" or "Wellpath") has continuously been a limited liability company doing business in the State of Texas and the City of San Antonio and has continuously had at least fifteen employees.

5. At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## ADMINISTRATIVE PROCEDURES

6. More than thirty days prior to the institution of this lawsuit, Malinda K. Babineaux ("Mrs. Babineaux") filed a Charge of Discrimination (the "Charge") with the Commission alleging violations of Title VII by Defendant.

7. On August 13, 2020, the Commission issued to Defendant a Letter of Determination finding reasonable cause to believe that the Defendant violated Title VII and inviting Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

8. The Commission engaged in communications with Defendant to provide Defendant the opportunity to remedy the discriminatory practices described in the Letter of Determination.

9. The Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

10. On or about August 25, 2020, the Commission issued to Defendant a Notice of Failure of Conciliation advising Defendant that the Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

11. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

12. Since at least August of 2019, Wellpath has engaged in unlawful employment practices at its San Antonio, Texas facility, in violation of Section 703(a)(1) of Title VII, 42 U.S.C. §2000e-2(a)(1). Specifically, Wellpath failed to grant a religious accommodation to Malinda K. Babineaux after she requested to wear a scrub skirt instead of scrub pants in her position as a nurse at the GEO Central Texas Correctional Facility. Mrs. Babineaux requested this accommodation to comply with her sincerely held Apostolic Pentecostal Christian beliefs. In response to this request, Wellpath denied the accommodation and rescinded her offer of employment. Allowing Mrs. Babineaux to wear a scrub skirt would not have caused a hardship to Defendant or its client as Mrs. Babineaux could fully perform the duties of the position while wearing a scrub skirt. In fact, Mrs. Babineaux has worn a scrub skirt for several years while working in medical settings in correctional facilities.

13. The effect of the practices complained of in paragraph twelve above has been to deprive Mrs. Babineaux of equal employment opportunities and to otherwise adversely affect her status as an applicant for employment because of her religion (Apostolic Pentecostal Christian).

14. The unlawful employment practices complained of in paragraph twelve above were intentional.

15. The unlawful employment practices complained of in paragraph twelve above were done with malice or with reckless indifference to the federally protected rights of Mrs. Babineaux.

## **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining the Defendant, Wellpath, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from denying employment opportunities and accommodation to any individual because of their religious beliefs, or any other employment practice which discriminates on the basis of religion;

B. Order Defendant, Wellpath, to institute and carry out policies, practices, and programs which provide equal employment opportunities and accommodation for persons of varying religious faiths, and which eradicate the effects of its past and present unlawful employment practices;

C. Order Defendant, Wellpath, to make whole Malinda K. Babineaux, by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices including but not limited to reinstatement or front pay in lieu thereof.

D. Order Defendant, Wellpath, to make whole Malinda K. Babineaux, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph twelve above, in an amount to be determined at trial;

E. Order Defendant, Wellpath, to make whole Malinda K. Babineaux, by providing compensation for past and future nonpecuniary losses resulting from the unlawful employment

practices complained of in paragraph twelve above, including, but not limited to, emotional pain, suffering, humiliation, mental anguish, inconvenience, and loss of enjoyment of life, in an amount to be determined at trial;

F. Order Defendant, Wellpath, to pay Malinda K. Babineaux punitive damages for its malicious and/or reckless conduct, as described in paragraph twelve above, in an amount to be determined at trial;

G. Grant such further relief as the Court deems necessary and proper in the public interest; and

H. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Respectfully submitted,

SHARON FAST GUSTAFSON
General Counsel

ROBERT CANINO
Acting Deputy General Counsel

GWENDOLYN Y. REAMS
Associate General Counsel


*/s/ Suzanne M. Anderson*

SUZANNE M. ANDERSON
Acting Regional Attorney
Texas State Bar No. 14009470


*/s/ Edward Juarez*

EDWARD JUAREZ

5

Supervisory Trial Attorney
Texas Bar No. 24019498


*/s/ Philip Moss*

PHILIP MOSS
Trial Attorney
Texas State Bar No. 24074764
Email: philip.moss@eeoc.gov

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
San Antonio Field Office
5410 Fredericksburg Rd., Suite 200
San Antonio, Texas 78229-3555
Telephone: (210) 640-7570
Facsimile: (210) 281-7669

**ATTORNEYS FOR PLAINTIFF**