**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>WELLPATH, LLC, )<br>)<br>Defendant. ) | Case No. 5:20-cv-1092 |

## DEFENDANT WELLPATH'S ANSWER AND AFFIRMATIVE DEFENSES

Defendant Wellpath LLC ("Wellpath") file its Answer and Affirmative and other Defenses to the Complaint in the above-captioned action as follows:

### JURISDICTION AND VENUE

1. Wellpath admits Plaintiff claims jurisdiction is proper in this Court under various federal statutes and that Plaintiff also purports this action is authorized and instituted pursuant to various federal statutes including, but not limited to, Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e-5(f)(1) and (3), but Wellpath denies that it has engaged in any conduct that would give rise to jurisdiction in this Court or be subject to Plaintiff's claims against it.

2. Wellpath admits the employment practices alleged in the Complaint allegedly occurred within the jurisdiction of this Court, but Wellpath denies it has engaged in any conduct which would give rise to Plaintiff's claims against it.

## PARTIES

3. Admitted.

4. Admitted.

5. Admitted.

## ADMINISTRATIVE PROCEDURES

6. Admitted.

7. Wellpath admits that, on or about August 13, 2020, the Commission issued to Wellpath a Letter of Determination. Wellpath states the Letter of Determination speaks for itself. However, Wellpath denies it has engaged in any conduct which would give rise to the Letter of Determination by the Commission.

8. Wellpath admits that the Commission engaged in conciliation communications with Wellpath following the issuance of the Letter of Determination and that those communications speak for themselves. However, Wellpath denies it has engaged in any conduct which would give rise to the Letter of Determination by the Commission or the subsequent conciliation communications between the Commission and Wellpath regarding the same.

9. Wellpath admits that neither party agreed on the terms of conciliation.

10. Wellpath admits that, on or about August 25, 2020, the Commission issued to Wellpath a Notice of Failure of Conciliation. Wellpath states the Notice speaks for itself.

11. Wellpath admits that Plaintiff purports that all conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

12. Wellpath lacks knowledge and information sufficient to form a belief as to the truth of whether Plaintiff has a "sincerely held Apostolic Pentecostal Christian" belief and to the

allegations contained in the last sentence of Paragraph 12 of the Complaint, and therefore, deny the same. Wellpath denies each and every remaining allegation contained in Paragraph 12 of the Complaint.

13. Wellpath denies each and every allegation contained in Paragraph 13 of the Complaint.

14. Wellpath denies each and every allegation contained in Paragraph 14 of the Complaint.

15. Wellpath denies each and every allegation contained in Paragraph 15 of the Complaint.

16. All allegations in Plaintiff's Complaint not expressly admitted are hereby denied.

17. Defendants deny Plaintiff is entitled to any relief prayed for in the Complaint.

## AFFIRMATIVE AND OTHER DEFENSES

Subject to and without waiving any prior objection, answers or defenses, and without accepting the burden of proof on the matters, Wellpath states the following affirmative and other defenses:

## FIRST DEFENSE

The Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

To the extent that Plaintiff's claims are barred in whole or in part by the doctrines of unclean hands and/or waiver, Plaintiff is barred from pursuing such claims.

## THIRD DEFENSE

Plaintiff's lawsuit is barred, in whole or in part, by the applicable statute of limitations.

**FOURTH DEFENSE**

Plaintiff is estopped by her own acts, conduct, or omissions from asserting some or all of her claims.

**FIFTH DEFENSE**

To the extent any intentional acts occurred, the occurrence of which Wellpath denies, those acts occurred wholly and entirely outside the scope or course of the actor's employment with Wellpath, were not authorized or sanctioned by Wellpath, and Wellpath, therefore, is not liable to Plaintiff for such acts.

**SIXTH DEFENSE**

Wellpath asserts the affirmative defenses of res judicata, collateral estoppel, judicial estoppel, and waiver, as these defenses may be developed during the course of this litigation.

**SEVENTH DEFENSE**

Plaintiff's damages are barred in whole or in part by the doctrines of after-acquired evidence or unclean hands. To the extent Wellpath acquires evidence about Plaintiff that would have disqualified Plaintiff from being hired or would have resulted in her termination if Wellpath had known, Plaintiff is not entitled to damages and/or equitable relief based upon this after-acquired evidence should she prevail.

**EIGHTH DEFENSE**

Even assuming that Wellpath's actions concerning Plaintiff's employment were partially influenced by some unlawful motive, though they were not, Wellpath nonetheless would have taken the same employment actions with respect to Plaintiff even in the absence of such unlawful motive.

### NINTH DEFENSE

Wellpath has an effective and well-disseminated policy prohibiting discrimination and prohibiting reprisals and retaliation against those bringing complaints thereunder, and this policy provides a reasonably available procedure by which Plaintiff could bring complaints and such complaints would be subject to prompt remedial action reasonably calculated to end such alleged acts. To the extent Plaintiff failed to avail herself of this policy, her claims and damages are also barred.

### TENTH DEFENSE

Wellpath's decisions concerning Plaintiff's employment were based upon legitimate non-discriminatory and non-retaliatory business reasons, completely unrelated to Plaintiff's exercise of her protected rights, if any.

### ELEVENTH DEFENSE

Plaintiff's requested accommodation would have caused an undue hardship on Wellpath.

### TWELTH DEFENSE

Wellpath could not have reasonably accommodated Plaintiff's requested accommodation.

### THIRTEENTH DEFENSE

While Plaintiff was not offered a contract for performance, nor does one exist or alleged here, Plaintiff's requested accommodation would have created an impossibility of performance due to the dress code maintained by the entity that operated the facility at which Plaintiff applied to work.

## FOURTEENTH DEFENSE

Although Wellpath denies Plaintiff is entitled to any relief, Plaintiff has failed to take reasonable steps to minimize or mitigate her alleged damages and may not recover any damages she could have avoided. To the extent Plaintiff has mitigated her alleged damages, she may not recover for any alleged damages she has mitigated.

## RESERVATION OF RIGHTS

Wellpath reserves the right to modify and supplement its defenses and to plead additional defenses to Plaintiff's claims based upon such facts and circumstances as become known to it subsequent to the date hereof.

**WHEREFORE**, having fully answered the Complaint, Wellpath respectfully requests that the Complaint be dismissed with prejudice, that it be awarded its costs, including attorneys' fees, in the amount and manner permitted by applicable law, along with such other and further relief as the Court may deem just and proper.

Respectfully submitted,

*/s/ Buena Vista Lyons*
Buena Vista Lyons
Texas Bar No. 00797630
vlyons@fordharrison.com
**FORD HARRISON LLP**
1601 Elm Street, Suite 4450
Dallas, Texas 75201
Telephone: (214) 256-4700
Facsimile: (214) 256-4701

s/Mark E. Stamelos
Mark E. Stamelos
Tennessee Bar No. 021021
*Admitted Pro Hac Vice*
**FORDHARRISON LLP**
150 3rd Avenue South
Suite 2010
Nashville, Tennessee 37201

Telephone: (615) 574-6700
Facsimile:  (615) 574-6701
mstamelos@fordharrison.com
*Counsel for Defendant*

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the foregoing was served on the following attorneys of record via the Court's ECF filing system this 7th day of December 2020:

Sharon Fast Gustafson
General Counsel
Robert Canino
Acting Deputy General Counsel
Gwendolyn Y. Reams
Associate General Counsel
Suzanne M. Anderson
Acting Regional Attorney
Edward Juarez
Supervisory Trial Attorney
Philip J. Moss
Trial Attorney
U.S. Equal Employment Opportunity Commission
San Antonio Field Office
5410 Fredericksburg Road, Suite 200
San Antonio, Texas 78229
Telephone: (210) 640-7570
Email: philip.moss@eeoc.gov

*Counsel for Plaintiff*

s/Mark E. Stamelos
*Counsel for Defendant*

WSACTIVELLP:11884948.1