IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, </br></br>Plaintiff, </br></br>MALINDA BABINEAUX, </br></br>Intervenor-Plaintiff, </br></br>vs. </br></br>WELLPATH, LLC, </br></br>Defendant. | Civil Action No. 5:20-cv-1092-DAE |

## COMPLAINT IN INTERVENTION

### INTRODUCTION

1. Intervenor-Plaintiff Malinda Babineaux brings this complaint in intervention to the employment-discrimination lawsuit filed by the United States Equal Employment Opportunity Commission against Wellpath, LLC under Title VII of the Civil Rights Act of 1964.

2. Mrs. Babineaux, an experienced nurse and devout Christian, seeks damages and equitable relief from Wellpath, the nation's largest for-profit healthcare provider to prisoners. Her claim arises from a job offer the company previously made to her but then rescinded because of her religious need for a workplace-uniform accommodation to wear a modest skirt instead of pants.

3. Title VII forbids an employer from discriminating against a job applicant based on her religious beliefs. What's more, the statute affirmatively requires employers to accommodate an employee's religious practices, including in correctional settings and in the context of uniform-dress policies, unless the employer can prove that doing so would cause it undue hardship.

1

4. But when Mrs. Babineaux, a lifelong Apostolic Pentecostal Christian with decades of work experience in correctional settings, accepted Wellpath's offer to work for it as a nurse in the medical unit it ran at the Central Texas Detention Facility, the company summarily rescinded her job offer on learning she would require a religious accommodation to the dress code.

5. Specifically, Mrs. Babineaux asked to wear a modest scrub skirt instead of scrub pants—a readily available uniform she has worn throughout her career in correctional-setting nursing.

6. Wellpath has sought to shift blame for its actions by saying that the for-profit operator of the Central Texas Detention Facility, The GEO Group, insisted on pants in its operations. But not only is a third party's uniform preference no shield to a claim of employment discrimination, Wellpath cannot demonstrate that accommodating Mrs. Babineaux's request would be unreasonable or impose an undue hardship on the conduct of its business in any event.

7. In response to Wellpath's decision to rescind her job offer rather than accommodate, Mrs. Babineaux filed a charge of discrimination with the EEOC.

8. In turn, the EEOC investigated, found reasonable cause to believe Wellpath violated Title VII, and filed this lawsuit.

9. Mrs. Babineaux now intervenes, both in support of the EEOC's efforts and to ensure her particular rights and interests are fully appreciated and protected.

## Jurisdiction and Venue

10. This action is instituted pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C § 2000e-5(f)(1) and (3), and the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

11. This Court has jurisdiction over this action under 28 U.S.C. §§ 1331, 1343, and 1345.

12. Venue is proper under 28 U.S.C. § 1391(b) and 42 U.S.C. § 2000(e)-(5)(f)(3) because the alleged unlawful employment practices giving rise to the lawsuit occurred in this district.

**Parties**

13. Plaintiff United States Equal Employment Opportunity Commission (EEOC) is the federal agency charged with the administration, interpretation, and enforcement of Title VII, and it is authorized to bring this action by Section 706 of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

14. Intervenor-Plaintiff Malinda Babineaux is a resident of San Antonio, Texas.

15. Defendant Wellpath, LLC is a healthcare company that runs medical units within prisons, detention centers, and residential-treatment settings nationwide. At all relevant times, Wellpath has done business in the State of Texas and the City of San Antonio—including as a contract provider of medical services to pretrial detainees in the Central Texas Detention Facility, which was, in turn, operated by The GEO Group until its closure in 2020.

16. At all relevant times, Wellpath has been an employer engaged in an industry affecting commerce within the meaning of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h), and has employed at least fifteen employees.

**Administrative Procedures**

17. In November 2019, Mrs. Babineaux filed a timely Charge of Discrimination with the EEOC alleging Wellpath violated Title VII when it rescinded her job offer on August 16, 2019.

18. The EEOC found reasonable cause to believe Wellpath violated Title VII, and after unsuccessfully attempting conciliatory action, filed this lawsuit on September 14, 2020.

19. Mrs. Babineaux now intervenes to ensure her rights are fully vindicated. 42 U.S.C. § 2000e-5(f)(1); Fed. R. Civ. P. 24(a).

20. All conditions precedent to this lawsuit have been fulfilled.

## Statement of Facts

21. Malinda Babineaux began her working career as a juvenile correctional officer in the late 1990s.

22. After ten years in corrections, Mrs. Babineaux returned to school to obtain certification as a licensed practical nurse. She has since had another ten years of nursing experience, including years of service in detention and correctional settings.

23. Mrs. Babineaux is also a lifelong and devout Apostolic Pentecostal Christian. She began attending Apostolic Pentecostal church as a young child and started reading the Bible for herself at age eleven. She now attends weekly church services and Bible studies.

24. Mrs. Babineaux's faith has informed her choice of career. She finds joy in caring for others—even those who have committed crimes—and believes it is part of her duty as a Christian to treat her patients with dignity and respect to encourage them to do better for themselves.

25. Among other beliefs rooted in her understanding of Biblical scriptures, Mrs. Babineaux further holds a sincere religious belief reflected in Deuteronomy 22:5 that women are forbidden from wearing pants and other types of men's apparel.

26. Accordingly, Mrs. Babineaux wears modest skirts instead of pants—including throughout her work in medical and correctional settings over the past two decades.

27. Notably, Mrs. Babineaux's previous employers have always accommodated her faith by allowing her to wear a uniform skirt rather than pants. Before the present dispute, in fact, no employer had ever questioned Mrs. Babineaux's ability to perform her duties in a skirt—duties that have included the provision of nursing care in a maximum-security prison setting as well as physically restraining unruly juvenile inmates up to seventeen years of age as a guard.

4

28. For that matter, prison systems nationwide—including those run by the State of California and District of Columbia—permit female uniformed employees to wear skirts rather than pants.

29. Wellpath, LLC is the nation's largest for-profit healthcare provider to prisoners.

30. Wellpath employs approximately 15,000 people at hundreds of facilities nationwide and treats upwards of 300,000 patients each day.

31. Notably, Wellpath's dress-code policy expressly guarantees reasonable accommodations for dress or grooming based on the worker's religious beliefs, and instructs those seeking such accommodation to speak to Human Resources.

32. Accordingly, when Mrs. Babineaux applied to work for Wellpath as a nurse at the Central Texas Detention Facility in 2019, she had every reason to believe that her religious belief in wearing modest skirts instead of pants would be accommodated.

33. Mrs. Babineaux first applied to work for Wellpath as a full-time licensed vocational nurse at the Central Texas Detention Facility in 2019.

34. Until its closure in 2020, the Central Texas Detention Facility had housed federal pretrial inmates on behalf of the U.S. Marshals Service.

35. Things looked good when, a few weeks later, Wellpath Health Services Administrator Mary Ellen Rivers-Graham offered Mrs. Babineaux the full-time nursing position pending completion of a background check and told her to expect to start training the following month.

36. Unfortunately, however, Ms. Rivers-Graham retired shortly afterward and Wellpath never contacted Mrs. Babineaux about beginning work at the facility.

37. Disappointed by this turn of events but needing to make ends meet, Mrs. Babineaux accepted instead a lower-paid nursing position at a nearby juvenile-detention center.

38. Still wanting to hire her in some capacity, though, the new Wellpath Health Services Administrator, Antonio Valentin, contacted Mrs. Babineaux in August 2019 to offer her a part-time, as-needed nursing position.

39. Mrs. Babineaux accepted the position, but informed Mr. Valentin that her religious beliefs require her to wear a scrub skirt instead of scrub pants and requested a religious accommodation.

40. Mr. Valentin told Mrs. Babineaux that no one had ever asked about wearing a skirt before and that to respond to her need for that accommodation he would need to contact The GEO Group—which was the for-profit operator of the Central Texas Detention Facility.

41. Later that day, Mr. Valentin told Mrs. Babineaux that Wellpath would not accommodate her request to wear a scrub skirt and rescinded her offer of employment, claiming that GEO's dress-code policy prohibits skirts of any kind from being worn on floors where inmates are housed.

42. Contrary to company policy, Mr. Valentin failed to present Mrs. Babineaux's request for accommodation to Wellpath's Human Resources Department.

43. Nor did Wellpath make any attempt to explore or discuss possible alternatives with Mrs. Babineaux—including, but not limited to, allowing her to engage directly with GEO or offering her an alternate position—whether at the Central Texas Detention Facility or another of Wellpath's many other locations.

44. Under the contract between GEO and Wellpath at the Central Texas Detention Facility, GEO operated and controlled security at the facility while Wellpath ran the Medical Unit and retained full authority to interview, hire, and manage its own staff there.

45. In response to Wellpath's rescission of the job offer, Mrs. Babineaux filed a charge of discrimination with the EEOC, which then investigated and found reasonable cause to believe Wellpath violated Title VII in its treatment of Mrs. Babineaux.

46. Since Wellpath rescinded its offer of employment, Mrs. Babineaux has continued to work as a nurse at the juvenile-detention center.

47. Mrs. Babineaux's current employer accommodates her religious practice and allows her to wear a skirt as part of her uniform.

48. At no point in her current or any other job—in a correctional setting or otherwise—has Mrs. Babineaux had any safety or performance issues due to wearing a skirt.

49. As a result of Wellpath rescinding its offer of employment because of her religious beliefs and despite her experience and qualifications, Mrs. Babineaux has suffered emotional distress, including sleep loss, anxiety, and depression. She sought medical care due to the severity of her symptoms and her doctor prescribed her with an antidepressant, which she continues to take.

**Statement of Claim**
**Count 1**
**Violation of Title VII of the Civil Rights Act of 1964**
**42 U.S.C. § 2000e-2(a)**

50. Mrs. Babineaux re-alleges and incorporates by reference all paragraphs of this Complaint.

51. Title VII forbids employers from refusing to hire, discharging, or otherwise discriminating against a job applicant or employee with respect to compensation, terms, conditions, or privileges of employment, because of that applicant or employee's religion. 42 U.S.C. § 2000e-2(a)(1).

52. What's more, Title VII requires employers to accommodate all aspects of an employee's religious observance, practice, and belief, unless the employer can demonstrate that it is unable to reasonably accommodate an employee's religious observance without undue hardship on the conduct of the employer's business. 42 U.S.C § 2000e(j).

53. The prima facie elements for a disparate-treatment claim of religious discrimination under Title VII are: (1) the plaintiff holds a sincere religious belief; (2) the plaintiff's religious belief conflicted with a job requirement; (3) the employer knew about the plaintiff's religious belief; and

7

(4) the plaintiff suffered adverse employment action for failing to comply with the conflicting job requirement. *Tagore v. United States*, 735 F.3d 324, 329 (5th Cir. 2013).

54. In short, a plaintiff can make out a prima facie case under Title VII where the employer has refused to hire the plaintiff because of her need for religious accommodation. *E.E.O.C. v. Abercrombie & Fitch Stores, Inc.*, 575 U.S. 768 (2015).

55. Here, Mrs. Babineaux can make out a prima facie case because: (1) she holds a sincere religious belief in needing to wear a modest skirt instead of pants; (2) this belief conflicted with a dress code Wellpath insisted on; (3) Wellpath was aware of her belief; and (4) Wellpath rescinded Mrs. Babineaux's job offer because she could not comply with the dress code.

56. Moreover, allowing Mrs. Babineaux to wear a scrub skirt would not have caused an undue hardship on Wellpath's business. Among other things, Mrs. Babineaux has never encountered any safety or performance issues related to her attire and she would be able to safely perform all required duties while wearing a scrub skirt—a reality reflected in the express allowance by California and D.C. for uniformed corrections personnel to wear skirts while working.

57. What's more, GEO's policy that prohibits skirts from being worn on floors where inmates are housed does not absolve Wellpath of its duty to accommodate Mrs. Babineaux's religious belief. *Burton v. Freescale Semiconductor, Inc.*, 798 F.3d 222, 229 (5th Cir. 2015).

58. Mrs. Babineaux was deprived of an equal employment opportunity because of Wellpath's conduct.

59. The unlawful employment practices were intentional and done with reckless indifference to the federally protected rights of Mrs. Babineaux.

60. Specifically, Wellpath knew of its obligation to accommodate religious beliefs under Title VII, as affirmed in corporate policy, but the company failed to explore potential accommodations for Mrs. Babineaux. Thus, Wellpath knowingly risked violating federal law.

61. As a direct and proximate result of these unlawful practices, Mrs. Babineaux has suffered and, absent relief from this Court, will continue to suffer financial damage and emotional distress.

## Prayer for Relief

**Mrs. Babineaux therefore respectfully requests that this Court grant the following relief:**

62. Grant a permanent injunction enjoining Wellpath, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from denying employment opportunities and accommodation to any individual because of their religious beliefs—including rescinding or refusing to provide offers of employment to anyone with a sincerely held religious belief in needing to wear long skirts instead of pants—or any other employment practice which discriminates on the basis of religion.

63. Order Wellpath to institute and carry out policies, practices, and programs that provide equal employment opportunities and accommodation for persons of varying religious faiths, and which eradicate the effects of its past and present unlawful employment practices.

64. Order Wellpath to make Mrs. Babineaux whole, by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, as well as other economic relief necessary to eradicate the effects of its unlawful actions against her, including but not limited to reinstatement (with her needed religious accommodation) or front pay in lieu thereof.

65. Order Wellpath to make Mrs. Babineaux whole, by providing compensation for past and future non-pecuniary losses resulting from the unlawful employment practices complained of

herein, including, but not limited to, emotional pain, suffering, humiliation, mental anguish, inconvenience, and loss of enjoyment of life, in amounts to be determined at trial.

66. Order Wellpath to pay Mrs. Babineaux punitive damages for its reckless conduct, as described herein, in amounts to be determined at trial.

67. Order Wellpath to pay attorney's fees under applicable civil rights law, 42 U.S.C. § 2000e-5(k), as well as costs, fees, and expenses by court rule, Fed. R. Civ. P. 54(d).

68. Grant such further relief as the Court deems necessary and proper.

### Jury Trial Demand

69. Mrs. Babineaux requests a jury trial on all questions of fact raised by this Complaint.[1]

Dated this 24th day of February 2021.

Respectfully submitted,

Heather Gebelin Hacker
TX Bar No. 24103325
Andrew B. Stephens
TX Bar No. 24079396
HACKER STEPHENS LLP
108 Wild Basin Road South, Suite 250
Austin, TX 78746
Tel: (512) 399-3022
heather@hackerstephens.com

James A. Sonne (pro hac vice pending)
Zeba Huq (pro hac vice pending)
STANFORD LAW SCHOOL
RELIGIOUS LIBERTY CLINIC
559 Nathan Abbott Way
Stanford, CA 94305
Tel: (650) 723-1422
Fax: (650) 723-4426
jsonne@law.stanford.edu

---

[1] Mrs. Babineaux thanks Stanford Law Students Hannah Nelson and Khalil Waddell for their work in preparing this Complaint.

10

# Proposed Order

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>MALINDA BABINEAUX,<br><br>Intervenor-Plaintiff,<br><br>vs.<br><br>WELLPATH, LLC,<br><br>Defendant. | Civil Action No. 5:20-cv-1092-DAE<br><br>**[PROPOSED] Order Granting Malinda Babineaux's Motion to Intervene as of Right** |

Before the Court is Malinda Babineaux's Motion to Intervene as of Right, under Federal Rule of Civil Procedure 24(a)(1). The Court, having reviewed the motion and the accompanying brief in support of the motion, finds (1) the motion is timely and (2) Mrs. Babineaux has an unconditional right to intervene in this matter under Title VII of the Civil Rights Act of 1964. The legal requirements of Rule 24(a)(1) being thus satisfied, Mrs. Babineaux's Motion to Intervene is GRANTED.

Mrs. Babineaux is hereby added as an Intervenor-Plaintiff to this suit. The Clerk of the Court shall enter Mrs. Babineaux's Complaint in Intervention.

IT IS SO ORDERED.

Dated this day _____ of _____, 2021.

_____
David A. Ezra
Senior U.S. District Court Judge

1

# HACKERSTEPHENS LLP

HEATHER GEBELIN HACKER
Partner

(512) 399-3022
Heather@HackerStephens.com

February 24, 2021

U.S. District Clerk's Office
655 E. Cesar E. Chavez Blvd., Room G65
San Antonio, Texas 78206

**Via UPS Next Day Air Saver**

Re: *EEOC v. Wellpath, LLC.*, No. 5:20-cv-01092-DAE

Dear Clerk:

Please accept for filing in the above-captioned matter the enclosed Motion to Intervene As of Right. The proposed Complaint in Intervention and a proposed order are attached.

Please contact me if you have any questions or need additional information. Thank you very much for your assistance.

Sincerely,

Heather Gebelin Hacker

HackerStephens.com   108 Wild Basin Rd South, Suite 250, Austin TX 78746   (512) 399-3022
Contact@HackerStephens.com