IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| US EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, § § § | |
| Plaintiff, § § | |
| MALINDA BABINEAUX, § § | |
| Intervenor-Plaintiff, § § | Civil Action No. 5:20-cv-1092-DAE |
| v. § § | |
| WELLPATH, LLC, § § | |
| Defendant. § | |

## DEFENDANT WELLPATH'S ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT IN INTERVENTION

Defendant Wellpath LLC ("Wellpath") files its Answer and Affirmative and other Defenses to Intervenor's Complaint in Intervention the above-captioned action as follows:

INTRODUCTION

1. Wellpath admits Intervenor-Plaintiff Malinda Babineaux ("Intervenor" or "Mrs. Babineaux") brings this Complaint in Intervention to the employment-discrimination lawsuit filed by the Equal Employment Opportunity Commission ("EEOC") against Wellpath under Title VII of the Civil Rights Act of 1964, but Wellpath denies it has engaged in any conduct that would give rise to Intervenor's Complaint or be subject to any of Intervenor's claims against it.

2. Wellpath lacks knowledge and information sufficient to admit or deny whether Intervenor is an experienced nurse, and devout Christian, and whether Wellpath is the "nation's largest" for-profit healthcare provider to prisoners, and therefore, denies the same. Wellpath

denies each and every remaining allegation contained in Paragraph 2 of Intervenor's Complaint, except admits Wellpath is a for-profit healthcare provider to prisoners and that Intervenor's Complaint arises out of alleged religious discrimination relating to a PRN nursing position at Wellpath's Central Texas Detention facility.

3. The allegations contained in Paragraph 3 of Intervenor's Complaint are statements of law to which no response is required. However, to the extent the allegations suggest that Wellpath committed wrongdoing of any kind, those allegations are expressly denied.

4. Wellpath lacks knowledge and information sufficient to admit or deny whether Intervenor is lifelong Apostolic Pentecostal Christian with decades of work experience in correctional settings, and therefore, denies the same. Wellpath denies each and every remaining allegation contained in Paragraph 4 of Intervenor's Complaint.

5. Wellpath lacks knowledge and information sufficient to admit or deny whether Intervenor has worn a scrub skirt throughout her career in correctional setting nursing, and therefore denies, the same. Wellpath admits Intervenor asked if she could wear a scrub skirt into the Central Texas Detention Facility ("Detention Facility"). Any other allegation not specifically admitted is denied.

6. Wellpath denies each and every allegation contained in Paragraph 6 of Intervenor's Complaint, expect admits that The GEO Group ("GEO") told Wellpath that Intervenor would not be permitted into the Detention Facility while wearing a skirt.

7. Wellpath denies each and every allegation contained in Paragraph 7 of Intervenor's Complaint, except admits that Intervenor filed a charge of discrimination with the EEOC following Wellpath's termination of her hiring process.

8. Wellpath admits the EEOC purportedly investigated the Charge, issued a cause finding, and Intervenor filed this lawsuit, but Wellpath denies it has engaged in any conduct that would give rise to a cause finding against it or the claims alleged in this matter.

9. Wellpath admits Mrs. Babineaux now intervenes in this matter, but Wellpath denies it has engaged in any conduct that would give rise to the claims alleged in this matter.

## Jurisdiction and Venue

10. Wellpath admits this action was instituted pursuant to Title VII of the Civil Rights Act of 1964, U.S.C. § 2000e-5(f)(1) and (3), and the Civil Rights Act of 1991, U.S.C. § 1981(a), but Wellpath denies it has engaged in any conduct which would violate these statutes, or any other statute in this matter.

11. Wellpath admits that Intervenor purports this Court has jurisdiction over this action under 28 U.S.C. §§ 1331, 1343, and 1345, but Wellpath denies it has engaged in any conduct which would give rise to jurisdiction in this matter.

12. Wellpath admits that Intervenor purports venue is proper pursuant to 28 U.S.C. § 1391(b) and 42 U.S.C. § 2000e-5(f)(3) in this matter, but Wellpath denies it has engaged in any conduct which would give rise to venue in this Court.

## Parties

13. Admitted.

14. Wellpath lacks knowledge and information sufficient to admit or deny the allegations contained in Paragraph 14 of Intervenor's Complaint, and therefore, denies the same.

15. Wellpath lacks knowledge and information sufficient to admit or deny Intervenor's meaning of "at all relevant times," and therefore, denies the same. The remaining allegations are admitted.

16. Admitted.

## Administrative Procedures

17. Wellpath admits Intervenor purports that she filed a timely Charge in November 2019 with the EEOC claiming a violation of Title VII in August 2019, but Wellpath denies that it engaged in any conduct which would give rise to a violation of Title VII in this matter.

18. Wellpath admits the EEOC found reasonable cause to believe Wellpath violated Title VII, that conciliation with the EEOC failed, and that this lawsuit was filed in September 2020, but Wellpath denies it engaged in any conduct that would give rise to a cause finding against it, or the claims alleged in this matter. All other allegations not specifically admitted are denied.

19. Wellpath admits Mrs. Babineaux interviews in this matter pursuant to 42 U.S.C. § 2000e-5(f)(1); Fed. R. Civ. P. 24(a). All other allegations not specifically admitted are denied.

20. Wellpath admits that Intervenor purports all conditions precedent to this lawsuit have been fulfilled.

## Statement of (alleged) Facts

21. Wellpath lacks knowledge and information sufficient to admit or deny the allegations contained in Paragraph 21 of Intervenor's Complaint, and therefore, denies the same.

22. Wellpath lacks knowledge and information sufficient to admit or deny the allegations contained in Paragraph 22 of Intervenor's Complaint, and therefore, denies the same.

23. Wellpath lacks knowledge and information sufficient to admit or deny the allegations contained in Paragraph 23 of Intervenor's Complaint, and therefore, denies the same.

24. Wellpath lacks knowledge and information sufficient to admit or deny the allegations contained in Paragraph 24 of Intervenor's Complaint, and therefore, denies the same.

25. Wellpath lacks knowledge and information sufficient to admit or deny the allegations contained in Paragraph 25 of Intervenor's Complaint, and therefore, denies the same.

26. Wellpath lacks knowledge and information sufficient to admit or deny the allegations contained in Paragraph 26 of Intervenor's Complaint, and therefore, denies the same.

27. Wellpath lacks knowledge and information sufficient to admit or deny the allegations contained in Paragraph 27 of Intervenor's Complaint, and therefore, denies the same.

28. Wellpath lacks knowledge and information sufficient to admit or deny the allegations contained in Paragraph 28 of Intervenor's Complaint, and therefore, denies the same.

29. Wellpath admits it is a for-profit healthcare provider to prisoners. Wellpath lacks knowledge and information sufficient to admit or deny whether it is the "nation's largest" healthcare provider to prisoners.

30. Wellpath admits it employs approximately 15,000 people at hundreds of facilities nationwide. Wellpath lacks knowledge and information sufficient to admit or deny whether it treats approximately 300,000 patients per day.

31. Wellpath states that its dress-code policy speaks for itself.

32. Wellpath lacks knowledge and information sufficient to admit or deny the allegations contained in Paragraph 32 of Intervenor's Complaint, and therefore, denies the same.

33. Admitted.

34. Admitted.

35. Wellpath lacks knowledge and information sufficient to admit or deny the allegations that "things looked good" for Intervenor, and therefore, denies the same. Wellpath admits that Intervenor was initially offered a full-time nursing position pending the successful completion of a background check, which Intervenor ultimately turned down.

36. Wellpath denies each and every allegation contained in Paragraph 36 of the Intervenor's Complaint, except admits that Mary Ellen Rivers-Graham retired and Mrs. Babineaux did not begin working at the facility.

37. Wellpath lacks knowledge and information sufficient to admit or deny the allegations contained in Paragraph 37 of Intervenor's Complaint, and therefore, denies the same.

38. Wellpath denies each and every allegation contained in Paragraph 38 of Intervenor's Complaint, except admits that Intervenor was contacted by Antonio Valentin in or around August 2019 to inquire whether she would be interested in considering a PRN-LPN position.

39. Wellpath denies each and every allegation contained in Paragraph 39 of Intervenor's Complaint, except admits that Intervenor said she was interested in the position and inquired whether she could wear a scrub skirt into the Detention Facility due to her religious beliefs.

40. Wellpath denies each and every allegation contained in Paragraph 40 of Intervenor's Complaint, except admits that Mr. Valentin told Intervenor that he would need to contact Geo, who operated the prison, to determine whether Geo would permit her inside the Detention Facility while wearing a skirt.

41. Wellpath denies each and every allegation contained in Paragraph 41 of Intervenor's Complaint, except admits that Mr. Valentin contacted Mrs. Babineaux and told her that Geo would not permit her into the Detention Facility, and therefore, Wellpath was terminating the hiring process.

42. Wellpath denies each and every allegation contained in Paragraph 42 of Intervenor's Complaint, except admits that Mr. Valentin did not inform Wellpath's Human Resource department about Intervenor's request to wear a skirt inside the Detention Facility.

43. Wellpath denies each and every allegation contained in Paragraph 43 of Intervenor's Complaint, except admits that Mr. Valentine did not speak to Intervenor after he informed her that Geo would not permit her inside the Detention Facility while wearing a skirt and that Mr. Valentine did not offer Intervenor an alternate position because it had no other position available at that location for which she would have been permitted to work while wearing a skirt.

44. Wellpath admits that Geo controlled access into and out of the Detention Facility. Wellpath states that the contract between Geo and Wellpath speaks for itself.

45. Wellpath lacks knowledge and information sufficient to admit or deny whether Mrs. Babineaux filed a Charge "in response" to Wellpath terminating the hiring process, and therefore, denies the same. Wellpath denies each and every remaining allegation contained in Paragraph 45 of Intervenor's Complaint, except admits that Mrs. Babineaux filed a Charge of discrimination, upon information and belief the EEOC investigated the Charge, that cause to believe Wellpath violated Title VII was found by the EEOC, but Wellpath denies it has engaged in any conduct that would give rise to a cause finding against it by the EEOC.

46. Wellpath lacks knowledge and information sufficient to admit or deny the allegations contained in Paragraph 46 of Intervenor's Complaint, and therefore, denies the same.

47. Wellpath lacks knowledge and information sufficient to admit or deny the allegations contained in Paragraph 47 of Intervenor's Complaint, and therefore, denies the same.

48. Wellpath lacks knowledge and information sufficient to admit or deny the allegations contained in Paragraph 48 of Intervenor's Complaint, and therefore, denies the same.

49. Wellpath lacks knowledge and information sufficient to admit or deny the allegations contained in Paragraph 49 of Intervenor's Complaint, and therefore denies, the same. Wellpath expressly denies that it has engaged in any conduct which would allegedly cause Mrs. Babineaux to suffer from emotional distress, sleep loss, anxiety, and depression, or any other alleged harm.

**Statement of Claim**
**Count 1**
**Violation of Title VII of the Civil Rights Act of 1964**
**42 U.S.C. § 2000e-2(a)**

50. Wellpath re-alleges and incorporates by reference its responses to Paragraphs 1-49 of Intervenor's Complaint as if fully set forth herein.

51. The allegations contained in Paragraph 51 of Intervenor's Complaint is a statement of law to which no response is required. To the extent a response is required, Wellpath denies engaging in any conduct that would give rise to a violation of Title VII in this matter.

52. The allegations contained in Paragraph 52 of Intervenor's Complaint is a statement of law to which no response is required. To the extent a response is required,

Wellpath denies engaging in any conduct that would give rise to a violation of Title VII in this matter.

53. The allegations contained in Paragraph 53 of Intervenor's Complaint are statements of law to which no response is required. To the extent a response is required, Wellpath denies engaging in any conduct that would give rise to a violation of Title VII in this matter.

54. The allegations contained in Paragraph 54 of Intervenor's Complaint is a statement of law to which no response is required. To the extent a response is required, Wellpath denies engaging in any conduct that would give rise to a violation of Title VII in this matter.

55. Wellpath denies each and every allegation contained in Paragraph 55 of Intervenor's Complaint.

56. Wellpath denies each and every allegation contained in the first sentence of Paragraph 56 of Intervenor's Complaint. Wellpath lacks knowledge and information sufficient to admit or deny the remaining allegations contained in Paragraph 56 of Intervenor's Complaint, and therefore, denies the same.

57. Wellpath denies each and every allegation contained in the first sentence of Paragraph 57 of Intervenor's Complaint. Wellpath further states that case of *Burton v. Freescale Semiconductor, Inc.,* 798 F3d 222, 229 (5th Cir. 2015) speaks for itself.

58. Wellpath denies each and every allegation contained in Paragraph 58 of Intervenor's Complaint.

59. Wellpath denies each and every allegation contained in Paragraph 59 of Intervenor's Complaint.

60. Wellpath denies each and every allegation contained in the first sentence of Paragraph 60 of Intervenor's Complaint, except admits that Wellpath maintains policies that allow for the accommodation of religious beliefs unless it causes an undue hardship on the business, which is defined under applicable law as any hardship that is more than "de minimus" upon the employer.

61. All allegations in Intervenor's Complaint not specifically admitted herein are denied.

### Prayer for Relief

62. Wellpath denies Intervenor is entitled to any relief prayed for in Intervenor's Complaint.

### AFFIRMATIVE AND OTHER DEFENSES

Subject to and without waiving any prior objection, answers or defenses, and without accepting the burden of proof on the matters, Wellpath states the following affirmative and other defenses, and reserves the right to amend and/or supplement its answer and defenses, to assert additional defenses and/or claims as they become evident through discovery or investigation:

### FIRST DEFENSE

The Intervenor's Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

To the extent that Intervenor's claims are barred in whole or in part by the doctrines of unclean hands and/or waiver, estoppel, or laches, Intervenor is barred from pursuing such claims.

### THIRD DEFENSE

Intervenor's lawsuit is barred, in whole or in part, by the applicable statute of limitations.

**FOURTH DEFENSE**

Intervenor is estopped by her own acts, conduct, or omissions from asserting some or all of her claims.

**FIFTH DEFENSE**

To the extent any intentional acts occurred, the occurrence of which Wellpath denies, those acts occurred wholly and entirely outside the scope or course of the actor's employment with Wellpath, were not authorized or sanctioned by Wellpath, and Wellpath, therefore, is not liable to Intervenor for such acts.

**SIXTH DEFENSE**

Wellpath asserts the affirmative defenses of res judicata, collateral estoppel, judicial estoppel, laches, and waiver, as these defenses may be developed during the course of this litigation.

**SEVENTH DEFENSE**

Intervenor's damages are barred in whole or in part by the doctrines of after-acquired evidence or unclean hands. To the extent Wellpath acquires evidence about Intervenor that would have disqualified Intervenor from being offered employment or would have resulted in her termination if Wellpath had known, Intervenor is not entitled to damages and/or equitable relief based upon this after-acquired evidence should she prevail.

**EIGHTH DEFENSE**

Even assuming that Wellpath's actions concerning Intervenor seeking employment were partially influenced by some unlawful motive, though they were not, Wellpath nonetheless would have taken the same employment actions with respect to Intervenor even in the absence of such unlawful motive.

## NINTH DEFENSE

Wellpath's decisions concerning Intervenor seeking employment were based upon legitimate non-discriminatory and non-retaliatory business reasons, completely unrelated to Intervenor's exercise of her protected rights, if any.

## TENTH DEFENSE

Intervenor's requested accommodation would have caused an undue hardship on Wellpath.

## ELEVENTH DEFENSE

Wellpath could not have reasonably accommodated Intervenor's requested accommodation.

## TWELFTH DEFENSE

While Intervenor was not offered a contract for performance, nor does one exist or alleged here, Intervenor's requested accommodation would have created an impossibility of performance due to the dress code maintained by the entity that operated the employment site at issue.

## THIRTEENTH DEFENSE

Although Wellpath denies Intervenor is entitled to any relief, Intervenor has failed to take reasonable steps to minimize or mitigate her alleged damages and may not recover any damages she could have avoided. To the extent Intervenor has mitigated her alleged damages, she may not recover for any alleged damages she has mitigated.

**FOURTEENTH DEFENSE**

To the extent that Intervenor failed to file a timely administrative charge of discrimination, to exhaust the administrative remedies with respect to each charge, and to satisfy the procedural prerequisites of each such claim, her claims are barred in whole or in part.

**FIFTEENTH DEFENSE**

Intervenor's claims for damages and/or other relief are barred to the extent such claims exceed the relief recoverable under the statutes and/or legal theories under which Intervenor brings suit.

**SIXTEENTH DEFENSE**

Intervenor's claims are subject to set-off, offset, and/or recoupment.

**SEVENTEENTH DEFENSE**

Wellpath is entitled to the applicable limits, caps, exclusions and/or offsets on damages, if any, set forth under the statutes and/or legal theories under which Intervenor brings suit, as applicable, and hereby notifies Intervenor of its intention to assert the damage limits, caps, exclusions, and offsets.

**EIGHTEENTH DEFENSE**

Wellpath has not taken, authorized or ratified any action with discriminatory purpose or intent, but rather has acted lawfully and in good faith.

**NINETEENTH DEFENSE**

Wellpath has not authorized any action prohibited by law, has not committed any unlawful employment practice, and further states that Wellpath's actions were based upon good cause and were the result of reasonable factors necessary for business functions.

**TWENTIETH DEFENSE**

Wellpath did not act in willful or reckless disregard of Intervenor's protected rights. Wellpath acted in good faith and had reasonable grounds for believing that its actions did not violate any law under which Intervenor brings suit.

**TWENTY-FIRST DEFENSE**

To the extent that Intervenor requested a religious accommodation, at no time did Wellpath fail to comply with any duty under Title VII to reasonably accommodate Intervenor, and no acts or omissions of Wellpath constitute discrimination or other unlawful acts in violation of Title VII.

**TWENTY-SECOND DEFENSE**

Wellpath's actions with regards to Intervenor were job-related, and consistent with business necessity.

**TWENTY-THIRD DEFENSE**

Wellpath would have made the same decisions for legitimate and non-discriminatory reasons regardless of Intervenor's purported religious and/or religious beliefs and/or practices and alleged requests for a reasonable accommodation.

**TWENTY-FOURTH DEFENSE**

Intervenor's injuries and/or damages, if any, were wholly or partially caused by her own conduct.

**TWENTY-FIFTH DEFENSE**

No act of Wellpath either proximately caused or contributed to any injuries or damages alleged by Intervenor.

### TWENTY-SIXTH DEFENSE

Wellpath is not liable for punitive damages because, *inter alia*, Intervenor has failed to plead facts supporting her claims for such damages.

### TWENTY-SEVENTH DEFENSE

Intervenor is not entitled to punitive damages because neither Wellpath, nor any of its respective officers, directors, managers, or agents, committed, authorized or ratified any act(s) with respect to Intervenor in bad faith, willfully, or believing that such act(s) violated any federal or state law.

### TWENTY-EIGHTH DEFENSE

Wellpath has neither acted nor failed to act in a manner entitling Intervenor to punitive damages. Further any award of punitive or exemplary damages against Wellpath in this case would violate its constitutional rights under the Due Process clauses of the Fifth and Fourteenth Amendments to the United States and the Excessive Fines clause of the Eighth Amendment to the United States Constitution, and would violate Wellpath's equal protection rights under the United States Constitution.

### TWENTY-NINTH DEFENSE

Intervenor's request for attorneys' fees and costs is discretionary before this Court, and therefore, any amount awarded must be limited by the requirement, including, but not limited to, that Intervenor be successful on the merits and that fees and costs awarded be reasonable and necessary.

### THIRTIETH DEFENSE

Intervenor's request for jury trial is barred as to those claims to which no jury trial is available, such as reinstatement, front pay, and injunctive or declaratory relief.

### **THIRTY-FIRST DEFENSE**

Wellpath is entitled to its attorneys' fees and costs associated with the defense of this action to the extent it may be entitled to same under applicable law.

### **RESERVATION OF RIGHTS**

Wellpath reserves the right to modify and supplement its defenses and to plead additional defenses to Intervenor's claims based upon such facts and circumstances as become known to it subsequent to the date hereof.

**WHEREFORE**, having fully answered Intervenor's Complaint, Wellpath respectfully requests that the Intervenor's Complaint be dismissed with prejudice, that it be awarded its costs, including attorneys' fees, in the amount and manner permitted by applicable law, along with such other and further relief as the Court may deem just and proper.

Respectfully submitted,

s/Mark E. Stamelos
Mark E. Stamelos (TN 021021)
*Admitted Pro Hac Vice*
**FORDHARRISON LLP**
150 3rd Avenue South
Suite 2010
Nashville, Tennessee 37201
Telephone: (615) 574-6700
Facsimile:  (615) 574-6701
mstamelos@fordharrison.com

Buena Vista Lyons
Texas Bar No. 00797630
FordHarrison LLP
1601 Elm Street, Suite 4450
Dallas, TX  75201
Telephone: (214) 256-4700
Facsimile: (214) 256-4701
vlyons@fordharrison.com

*Counsel for Defendant*

**CERTIFICATE OF SERVICE**

The undersigned certifies that a true and correct copy of the foregoing was served on the following attorneys of record via the Court's ECF filing system this 5th day of April 2021:

Gwendolyn Y. Reams
Acting General Counsel
Suzanne M. Anderson
Acting Regional Attorney
Edward Juarez
Supervisory Trial Attorney
Philip J. Moss
Trial Attorney
U.S. Equal Employment Opportunity Commission
San Antonio Field Office
5410 Fredericksburg Road, Suite 200
San Antonio, Texas 78229
Telephone: (210) 640-7570
Email: philip.moss@eeoc.gov

*Counsel for Intervenor*

Heather Gebelin Hacker
heather@hackerstephens.com
Hacker Stephens LLP
108 Wild Basin Road South, Suite 250
Austin, Texas 78746
Telephone: (512) 399-3022

James A. Sonne
jsonne@law.stanford.edu
Zeba Huq
zebahuq@law.stanford.edu
Stanford Religious Liberty Clinic
559 Nathan Abbott Way
Stanford, CA 94305
Telephone: (650) 723-4426
Facsimile: (650) 723-4426

*Counsel for Intervenor-Intervenor*

                                                    s/Mark E. Stamelos
                                                    *Counsel for Defendant*