IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) ) |
| Plaintiff, | ) ) |
| MALINDA BABINEAUX, | ) Civil Action No. 5:20-cv-1092-DAE ) |
| Intervenor-Plaintiff, | ) ) ) |
| vs. | ) ) |
| WELLPATH, LLC, | ) ) |
| Defendant. | ) ) |

## CONSENT DECREE

The Parties to this Consent Decree are the Plaintiff, the United States Equal Employment Opportunity Commission ("EEOC"), Intervenor-Plaintiff, Malinda K. Babineaux ("Intervenor"), and Defendant, Wellpath, LLC ("Defendant"). This Consent Decree resolves the allegations raised by the EEOC and Intervenor in the above referenced Civil Action, No: 5:20-CV-1092DAE. The EEOC initiated this lawsuit under Title VII of the Civil Rights Act of 1964, as amended, and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of religion, and to provide appropriate relief to the Intervenor, who EEOC maintains was adversely affected by such practices. More specifically, the EEOC alleged that the Defendant refused Intervenor's religious accommodation request, disallowing her to wear a scrub skirt instead of scrub pants. The EEOC alleged that instead of granting the required religious accommodation, the Defendant refused to hire Intervenor to work as a nurse in the Central Texas Detention Facility. Intervenor intervened in the EEOC's lawsuit and asserted the same causes of action as alleged by the EEOC

under Title VII. Wellpath strongly denies the EEOC's and Intervenor's allegations, and Wellpath states that it engaged in the interactive process with Intervenor and concluded that the requested accommodation created an undue hardship on Wellpath.

Despite the issues in dispute on both sides, the Parties wish to settle this action, without the necessity of further litigation, pursuant to the terms delineated in this Consent Decree, with each Party expressly acknowledging that this settlement is a compromise of disputed claims.

NOW, THEREFORE, in consideration of the mutual promises and agreements set forth herein, the sufficiency of which is hereby acknowledged, the Parties agree as follows, the court finds appropriate, and therefore, it is ORDERED, ADJUDGED AND DECREED that:

1.  This Court has jurisdiction over the subject matter of this action, the Parties for purposes of this action, entry of the Consent Decree, and all proceedings related to the Consent Decree and its enforcement. Venue is proper and all administrative prerequisites to the filing of the Complaints have been met.

2.  This Consent Decree resolves all issues raised in EEOC's Complaint and Intervenor's Complaint-in-Intervention in this case. EEOC and Intervenor waive further litigation of all issues raised in the above referenced Complaints. EEOC, however, expressly reserves its right to process and litigate any other charges which may now be pending or may in the future be filed against Defendant.

3.  During the term of this Consent Decree, Defendant, its officers, managers, employees, and successors are enjoined from engaging in any form of retaliation against any person because such person has resisted, objected to, complained about, or otherwise opposed any employment practice made unlawful by Title VII, filed a discrimination Charge under Title VII, testified or participated in any manner in any investigation, proceeding, hearing or action under Title VII or asserted any rights under this Consent Decree.

4.   During the term of this Consent Decree, Defendant, its officers, managers, employees, and successors are enjoined from discriminating against any employees or applicants on the basis of religion, including refusing religious accommodation requests and failing to hire applicants based on religion in violation of Title VII.

5.   Within thirty (30) days from the entry of this Consent Decree, Defendant shall in settlement of this dispute, pay a total sum of Seventy-Five Thousand Dollars and NO/100 ($75,000.00) to resolve all claims raised in the Complaints filed by the EEOC and Intervenor. The EEOC in separate correspondence to the Defendant within fourteen (14) days of the effective date of this Consent Decree shall provide Defendant instructions for allocation (including allocation of wage and non-wage income). Payment to Malinda K. Babineaux shall be mailed by certified mail to Malinda K. Babineaux c/o Zeba Huq, Stanford Law School, Religious Liberty Clinic, 559 Nathan Abbott Way, Stanford, CA 94305. A copy of all the settlement checks and any accompanying transmittal documents shall be forwarded to Philip Moss, Trial Attorney, United States Equal Employment Opportunity Commission, San Antonio Field Office, 5410 Fredericksburg Road, Suite 200, San Antonio, Texas 78229.

6.   If Defendant fails to tender payment or otherwise fails to timely comply with the terms of paragraph 5 above, Defendant shall:

(a)   Pay interest at the maximum rate allowed by law for any untimely or unpaid amounts; and
(b)   Bear any additional costs incurred by the EEOC caused by the non-compliance or delay of Defendant.

7.   Defendant shall implement a policy to address requests for religious accommodations and to prohibit employment discrimination on the basis of religion ("Policy") within twenty (20) calendar days after the approval and entry of this Consent Decree and shall

maintain such Policy for the term of this Consent Decree. The Policy shall, at a minimum, meet all of the following criteria:

(a) States that Defendant prohibits discrimination against any employee or applicant on the basis of religion in violation of Title VII;

(b) Addresses what legally constitutes a religious accommodation request, including dress and grooming accommodation requests and provides instructions on what steps to take if hiring personnel, human resource personnel, managers and/or supervisors receive a religious accommodation request;

(c) Provides for prompt investigation of religion-based discrimination complaints and for prompt action, which is appropriate and effective, to remedy the discrimination if substantiated;

(d) Provides that when such complaints are made, written findings of the results of the investigation and the remedial actions proposed and/or taken are made and maintained in Defendant's files, and that the results of the investigation and remedial actions taken are promptly communicated to the complainant;

(e) Provides for appropriate discipline for violating Defendant's Policy up to and including discharge; and

(f) Provides that Defendant shall not take any reprisal action, in any manner whatsoever, against an employee for having opposed any employment practice made unlawful by Title VII or for complaining of discrimination on the basis of religion, making a religious accommodation request, or for filing a discrimination charge, giving testimony or assistance, or participating in any lawful manner in any investigation, proceeding, hearing or action under Title VII.

Defendant shall provide copies of the Policy to the Class of Employees identified in Paragraph 8 by electronic or physical means no later than thirty (30) calendar days after entry of this Consent Decree. Defendant agrees to certify in writing to the EEOC within fifteen (15) days of distributing this Policy to the employees that the requirements of this paragraph have been met.

During the term of this Consent Decree, Defendant shall distribute this Policy to each employee hired. Defendant shall certify, in writing to the EEOC, within thirty (30) days of each annual anniversary of the effective date of this Consent Decree that Defendant has provided a copy of this Policy to all employees hired during the year of that annual anniversary.

8. Within one hundred and twenty (120) days of the effective date of this Consent Decree, Defendant shall provide not less than one (1) hour of training on Title VII, including training on religious accommodation requests and religion-based employment discrimination, to all its current employees who (i) work in human resources positions at its headquarters and in the State of Texas and (ii) employees in management positions with the ability to hire and/or discharge who work in the State of Texas. All employees will be paid their normal rate of pay, and the training will occur during their normally scheduled workdays and work hours. The training may be done in person or by videoconference platform. Respondent shall bear all costs associated with these training sessions.

(a) The training shall explain that discrimination on the basis of religion, violates the Title VII of the Civil Rights Act of 1964, as amended; it shall instruct what conduct may constitute a violation of Title VII; and explain the damaging effects discrimination causes to victims, their families and co-workers, and the workplace environment. The training shall also instruct what conduct may constitute retaliation under Title VII. The training shall discuss the importance of maintaining written records of every complaint or report by any employee of alleged discrimination based on religion, including complaints pertaining to religious accommodation requests, and for each such complaint or report, such records shall include:

(1) the name of the employee who made the complaint or report and that employee's address and telephone number;
(2) the date of the complaint or report;
(3) the name and position of each employee who was made aware of the complaint;
(4) a written description of what was alleged in the complaint or report;

5

   (5) a written description of the resolution or outcome of the complaint or report, including a description of what actions, if any, Defendant took, and the name and position of all persons involved in any actions taken; and

   (6) if the complaint or report was made in written form, a copy thereof.

 (b) The training shall be conducted by an experienced outside consultant or an attorney experienced in the practice of employment law. The attorney selected shall send a copy of the training presentation outline to the EEOC at least fifteen (15) days before any training session occurs. The EEOC shall have the right to approve of the individual selected to conduct the training and the training materials used in conjunction with such training. The EEOC will not unreasonably deny Defendant's choice of the individual selected to perform the training or the training materials proposed to be used.

9. During the term of this Consent Decree, Defendant shall, within twenty (20) days of the annual anniversary of the effective date of this Consent Decree, provide not less than one (1) hour of Title VII refresher training to the class of employees identified in Paragraph 8 above in accordance with terms set forth in paragraph eight (8).

10. Within ten (10) business days after the completion of each required training session, the Defendant shall certify to EEOC, in writing, that the required training has taken place and that required personnel attended. Such certification shall include: (i) the date, location and duration of the training; and (ii) a copy of the registry of attendance which shall include the name and position or title of each person in attendance.

12. No later than twenty (20) business days after entry of this Consent Decree, Defendant shall distribute a copy of the Notice attached as Exhibit A to this Consent Decree to the class of employees identified in Paragraph 8 via electronic mail or hand delivery.

13. No later than thirty (30) business days after entry of this Consent Decree, Defendant shall certify to EEOC in writing that the Notice has been properly distributed in accordance with Paragraphs 11 and 12.

14. The terms of this Consent Decree shall be binding upon the EEOC, Intervenor and Defendant, its agents, officers, employees, servants and successors.

15. The parties to this Consent Decree shall bear their own costs and attorneys' fees incurred in this action as of the date of entry of this Consent Decree by the Court.

16. The duration of this Consent Decree shall be two (2) years from the date of its entry with the Court. The Parties agree that the Court shall retain jurisdiction of this case during the term of this Consent Decree to enforce compliance and to take any action necessary and/or appropriate for its interpretation, execution, modification and/or adjudication of disputes.

18. Defendant shall require personnel within its employ, upon reasonable request by the EEOC, to cooperate reasonably with and to be interviewed by the EEOC for purposes of verifying compliance with this Consent Decree. If the EEOC believes that Defendant has not complied with any term or provision of this Consent Decree, it shall provide written notice of the alleged non-compliance prior to taking any action thereon (the "Notice of Alleged Non-Compliance"). The Notice of Alleged Non-Compliance shall include the Paragraph(s) of this Consent Decree alleged to be violated and a statement of the facts and circumstances relied upon as the basis of the EEOC's claim of noncompliance. Defendant shall have thirty (30) days from receipt of the Notice of Alleged Non-Compliance to respond to the EEOC regarding the alleged violation, during which time the EEOC shall not undertake any enforcement action. The thirty (30) day period may be extended by written agreement executed by the EEOC and Defendant. If the EEOC and Defendant are unable to resolve their dispute regarding the alleged violation, then the EEOC may seek enforcement of this Consent Decree with respect to the alleged violation in the United States District Court for the Western District of Texas, San Antonio Division. This Consent Decree will not expire while any enforcement action concerning this Consent Decree is pending.

The duration of this Consent Decree shall be extended by any time-period required for the resolution of any enforcement action.

20. When this Consent Decree requires the submission by Defendant of documents or other materials to the EEOC, such documents or other materials shall be mailed and emailed to Philip Moss, Trial Attorney, United States Equal Employment Opportunity Commission, San Antonio Field Office, 5410 Fredericksburg Road, Suite 200, San Antonio, Texas 78229, philip.moss@eeoc.gov.

21. This Consent Decree shall become final and effective for all purposes upon approval and entry by the Court. The "effective date" shall be utilized for the calculation of all time periods and actions required pursuant to this Consent Decree.

22. The Joint Motion is **GRANTED**. (Dkt. # 28.) The Clerk is **ORDERED TO CLOSE THE CASE**. If any disputes arise regarding this consent decree, the parties are advised to file a motion for relief at that time.

**IT IS SO ORDERED.**

DATED: San Antonio, Texas, January 31, 2022.

David Alan Ezra
Senior United States District Judge

AGREED TO AS TO FORM AND SUBSTANCE:

**ATTORNEYS FOR DEFENDANT**         **ATTORNEYS FOR PLAINTIFF**

/s/ Mark Stamelos s/w/p              /s/ Robert Canino s/w/p
Buena Vista Lyons                    ROBERT CANINO
Texas Bar No. 00797630               Regional Attorney
vlyons@fordharrison.com              Oklahoma State Bar No. 011782

**FORD HARRISON LLP**
1601 Elm Street, Suite 4450
Dallas, Texas 75201
Telephone: (214) 256-4700
Facsimile: (214) 256-4701

Mark E. Stamelos
Tennessee Bar No. 021021
*Admitted Pro Hac Vice*

**FORDHARRISON LLP**
150 3rd Avenue South
Suite 2010
Nashville, Tennessee 37201
Telephone: (615) 574-6700
Facsimile: (615) 574-6701
mstamelos@fordharrison.com

*Counsel for Defendant*

/s/ Philip Moss
PHILIP MOSS
Trial Attorney
Texas State Bar No. 24074764
E-Mail: philip.moss@eeoc.gov

**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
San Antonio Field Office
5410 Fredericksburg Road, Suite 200
San Antonio, Texas 78229-3555
Telephone: (210) 640-7570
Facsimile: (210) 281-7669

*Counsel for Plaintiff EEOC*

/s/ Zeba Huq s/w/p
James A. Sonne
Zeba Huq
Stanford Law School
Religious Liberty Clinic
559 Nathan Abbott Way
Stanford, CA 94305
Telephone: (650) 723-1422
Facsimile: (650) 723-4426
jsonne@law.stanford.edu

Heather Gebelin Hacker
Texas State Bar No. 24103325
Andrew B. Stephens
Texas State Bar No. 24079396
HACKER STEPHENS LLP

108 Wild Basin Road South, Suite 250
Austin, TX 78746
Tel: (512) 399-3022
heather@hackerstephens.com

*Counsel for Intervenor-Plaintiff*

## EXHIBIT A

## NOTICE TO EMPLOYEES

**POLICY:** Discrimination of any kind can and often will detract from employees' job performance, discourage employees from remaining on the job, keep employees from advancing in their careers and lower overall employee morale and productivity. It is the policy of Wellpath, LLC that discrimination based on religion is unacceptable and will not be condoned. **This is a zero tolerance policy.**

**PURPOSE:** It is the purpose of this policy to reaffirm and amplify the position of Title VII of the Civil Rights Act of 1964, as amended, and the Equal Employment Opportunity Commission's guidelines on discrimination based on religion and/or retaliation, and to reiterate the Company's policy on religion-based discrimination, including religious harassment as defined by Title VII.

**SCOPE**: This policy extends to all employees of Wellpath, LLC, both management, non-management, and temporary/probationary.
.
**DEFINITION:** Discrimination based on religion involves treating a person (an applicant or employee) unfavorably because of his or her religious beliefs or lack of such. The law protects not only people who belong to traditional, organized religions, such as Buddhism, Christianity, Hinduism, Islam, and Judaism, but also others who have sincerely held religious, ethical or moral beliefs or a lack of religious beliefs including atheists. Discrimination based on religion can also involve treating someone differently because that person is married to (or associated with) an individual of a particular religion.

The law requires an employer, or other covered entity, to reasonably accommodate an applicant or employee's religious beliefs or practices, unless doing so would cause more than a minimal burden on the operations of the employer's business. This means an employer may be required to make reasonable adjustments to the work environment that will allow an employee to practice his or her religion. Some examples of common religious accommodations include:

* Dress or grooming accommodations;
* Flexible scheduling;
* Voluntary shift substitutions or swaps;
* Job reassignments; and
* Modification of workplace policies or practices.

The law forbids discrimination when it comes to any aspect of employment, including hiring, firing, pay, job assignments, promotions, layoff, training, fringe benefits, and any other term or condition of employment. It is illegal to harass a person because of his or her religion or lack of such. Some examples of religious harassment are listed below. This list is in no means exhaustive.

* Offensive remarks about a person's religious beliefs or practices;
* Simple teasing;
* Making offhanded comments and;

- Workplace or job segregation.

An employee cannot be forced to participate in a religious activity, such as for example prayer, as a condition of employment.

**RESPONSIBILITY:** Each level of management is responsible for ensuring that all personnel policies, procedure, and activities are in full compliance with applicable federal, state, and local equal employment laws, statutes, rules, and regulations regarding religion-based discrimination, and retaliation. All employees are expected to read, understand, and follow Wellpath's LLC Policy prohibiting religion-based discrimination.

**REPORTING PROCEDURES:** Any employee who believes that he or she has been subjected to discrimination based on religion is expected to report the conduct as soon as possible to their Human Resources Business partner, supervisor, or the Wellpath Ethics Hotline; or the U.S. Equal Employment Opportunity Commission. The address and telephone number of the U.S. EEOC office is 5410 Fredericksburg Road, Suite 200, San Antonio, Texas 78229, (210) 640-7580 or (800) 669-4000. Information about your rights and how to file a charge is available on the Internet at www.eeoc.gov. Supervisors and managers who are informed of any alleged incident of religion-based discrimination must immediately refer the complainant to their Human Resources Business Partner.

**INVESTIGATION OF COMPLAINTS**: A complete investigation of each complaint will be undertaken immediately by the Employee Relations Department. The investigation may include interviews of all employees and supervisors at the facility.

**PUNISHMENT FOR VIOLATION:** Employees who engage in discrimination including, but not limited to, religious discrimination, including supervisors and managers, can expect serious disciplinary action. After an appropriate investigation, any employee, whether management or non-management, who has been found to have discriminated against another employee will be subject to appropriate sanctions, depending on the circumstances, from a written warning in his or her personnel file up to and including termination of employment.

**RETALIATION:** There shall be no retaliation against any employee because that person has opposed what they believe to be unlawful employment practices, or has filed a charge of discrimination, or has given testimony, assistance, or has participated in any manner in any investigation, proceeding or hearing under Title VII of the Civil Rights Act of 1964. Wellpath, LLC will not punish you for reporting religious-based discrimination or religious harassment simply because you have made a complaint under the above guidelines.

Signed this 21st day of January, 2022

_____Casey M. Parker_____
Wellpath, LLC

13